# EXHIBIT 1

Electronically Filed
11/2/2021 5:07 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

Cause No. C-4436-21-F

| | | |
|---|---|---|
| ELI LONGORIA and SAN JUANITA LONGORIA, Plaintiffs, | § § § § | IN THE DISTRICT COURT OF |
| V. | § § § | |
| WAL-MART STORES, INC., D/B/A WALMART STORE #05165, and WAL-MART STORES TEXAS, LLC, Defendants. | § § § § | HIDALGO COUNTY, TEXAS _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**Eli Longoria** and **San Juanita Longoria** ("Plaintiffs") file this Original Petition complaining of **Wal-Mart Stores, Inc., d/b/a Wal-Mart Store #05165**, and **Wal-Mart Stores Texas LLC** ("Defendant" and/or "Defendants"), and would respectfully show this Court and jury as follows:

### I. DISCOVERY CONTROL PLAN

1.1     Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiffs allege that discovery in this case should be conducted under Level 2 and affirmatively plead to seek monetary relief aggregating more than $50,000.00.

### II. PARTIES

2.1     Plaintiff **Eli Longoria** resides in Donna, Texas. The last three digits of Plaintiff's Texas driver's license number are 790. The last three digits of Plaintiff's Social Security number are 313.

2.2     Plaintiff **San Juanita Longoria** resides in Donna, Texas. The last three digits of Plaintiff's Texas driver's license number are 505. The last three digits of Plaintiff's Social Security number are 723.

Electronically Filed
11/2/2021 5:07 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-4436-21-F**

2.3     Defendant **Wal-Mart Stores, Inc., d/b/a Wal-Mart Store #05165** is a Foreign For-Profit Corporation, authorized to do business in Hidalgo County and the State of Texas. Process should be served on Defendant by serving its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

2.4     Defendant, **Walmart Stores Texas, L.L.C.** is a Foreign Limited Liability Company authorized to do business in Harris County and the State of Texas. Process should be served on Defendant by serving its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

2.5     Plaintiffs specifically invoke their rights to institute against whatever entity was conducting business under the assumed or common names of "Wal-Mart Stores, Inc., d/b/a Wal-Mart Store #05165" and/or "Walmart Stores Texas, L.L.C." with regard to the events described in this Petition. Plaintiffs expressly invoke their right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of these parties substituted at a later time upon the motion of any party or of the Court.

### III. MISNOMER/ALTER EGO

3.1     In the event any parties are misnamed or are not included herein, it is Plaintiffs' contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiffs contend that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### IV. VENUE & JURISDICTION

4.1     Venue is proper in Hidalgo County, Texas, because it is the county in which all or a substantial part of the events and/or omissions giving rise to the claim occurred. TEX. CIV. PRAC. &

Electronically Filed
11/2/2021 5:07 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-4436-21-F

REM. CODE § 15.002(a)(2) and 15.005.

    4.2    This Court has jurisdiction in this cause since the damages to Plaintiffs exceed this Court's minimum jurisdictional limits.

## V. **FACTS**

    5.1    Plaintiffs entered into a contractual agreement with Defendants for oil change services to be administered to their vehicle on or about November 4, 2019, at the Wal-Mart store located at 1421 E Frontage Rd, Alamo, TX 78516. Defendants and their employees serviced Plaintiffs' vehicle and allowed Plaintiffs to drive off the premises believing their vehicle was in pristine working condition. After Defendants permitted Plaintiffs to leave the premises in their vehicle, Plaintiffs drove onto the expressway in Alamo, TX. As Plaintiffs drove down the middle lane of the expressway, they heard a loud noise, and their vehicle's hood suddenly flung open. The hood slammed into Plaintiffs' vehicle's windshield, causing the windshield to shatter into multiple pieces, and resulting in lacerations to Mr. Longoria. Plaintiff Eli Longoria, who was driving, could not see the road in front of him, causing his vehicle to violently swerve. Mr. Longoria was in absolute shock and slammed on the vehicle's brakes to avoid crashing into a vehicle in front of him. Plaintiffs immediately felt pain in their backs. A couple nearby stopped on the expressway and helped Plaintiffs tie down the bent hood. Plaintiffs returned to Wal-Mart to find out how this incident could have occurred.

    5.2    Upon arriving at Defendants' establishment, Plaintiffs spoke to several employees to inform them of the incident. One of the employees, Juan, went to get the attention of a woman who appeared to be the manager. The manager apologized to Plaintiffs and further stated Defendants' employees had forgotten to tell Plaintiffs their vehicle's hood would not shut properly, so Defendants could not lock it. In shock and disbelief, Mr. Longoria advised the manager his hood was in proper

Electronically Filed
11/2/2021 5:07 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-4436-21-F

working order when Plaintiffs arrived at Defendants' establishment for the oil change. The manager once again apologized and offered to fix the issue if Plaintiffs agreed to leave their vehicle with Defendants, which Plaintiffs did not agree to do. Defendants' employees and manager, who were working within the course and scope of their employment, negligently and unsafely failed to correctly latch and fasten the hood of Plaintiffs' vehicle. As a result of the unlatched hood and/or other fastening failures, Plaintiffs' hood flew open while they were driving down the expressway in Alamo, TX. Defendant's negligence, negligence per se, and failure to provide services caused Plaintiffs to sustain severe and life altering physical injuries. Defendant failed to provide the services as per the contractual agreement, in a reasonable manner.

5.3    Defendant negligently allowed or caused the defective condition to Plaintiffs' vehicle. Defendant's employees and managers had actual knowledge of the defective condition Plaintiffs' vehicle was left in. Further, Defendant's employees and managers had constructive notice of the defective condition, and a reasonable inspection would have uncovered the defective condition of the unlatched hood and/or other fastening failures on Plaintiffs' hood prior to the incident. Plaintiffs' injuries are due to Defendant's negligence, negligence per se, and failure to service Plaintiff's vehicle properly as was required per the agreement between Plaintiffs and Defendant. Nothing Plaintiffs did or failed to do in any way contributed to their injuries.

5.4    Defendants knew or should have known of the unreasonably dangerous conditions created by their actions and/or omissions, and those conditions were the proximate cause of Plaintiffs' injuries.

### VI. TEXAS DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT ("DTPA")

6.1    Plaintiffs are consumers as defined in the DTPA.

Electronically Filed
11/2/2021 5:07 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-4436-21-F**

6.2     Plaintiffs would show that Defendants engaged in certain false, misleading, and deceptive acts, practices, and/or omissions actionable under the DTPA (Texas Business and Commerce Code).

6.3     Defendants violated §17.46(b) of the Texas Business and Commerce Code, in that Defendants:

A.  Represented that goods or services have characteristics, uses, or benefits which they do not have;

B.  Represented that goods or services are of a particular standard, quality, or grade, if they are of another;

C.  Advertised goods or services with intent not to sell them as advertised;

D.  Caused confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

E.  Caused confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another;

F.  Represented that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

G.  Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

H.  Knowingly made false or misleading statements of fact concerning the need for parts, replacement, or repair service;

I.  Misrepresented the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction;

J.  Represented that a guarantee or warranty confers or involves rights or

Electronically Filed
11/2/2021 5:07 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-4436-21-F**

remedies which it does not have or involve; and

K. Failed to disclose material information with the intent to induce reliance of the consumers.

6.4    In the alternative, Plaintiffs and Defendants executed a valid and enforceable written contract subject to certain express and implied warranties.

6.5    Plaintiffs would show that Defendants breached an express warranty and an implied warranty which is actionable under §17.50(a)(2) of the Texas Business and Commerce Code

6.6    Defendants breached an express warranty of affirmation of fact or promise that formed in part, the basis of the bargain for the services. Defendants represented to Plaintiffs that they would change the oil in Plaintiffs' vehicle, which would allow them to drive their vehicle in a safe and secure manner. Further, Defendants represented to Plaintiffs that the oil change services to their vehicle were complete and their vehicle was ready to be driven. These services Defendants affirmed to Plaintiffs became part of the basis of the bargain and the services did not comply with the representations. Defendants were aware of the breach and also notified by Plaintiffs of the breach. Plaintiffs suffered and continue to suffer injuries from this breach.

6.7    Defendants breached an implied warranty of good and workmanlike performance by failing to provide services that were reasonable and would be of an acceptable standard by ordinary providers in the same field. As mentioned herein, Defendants negligently and unsafely failed to correctly replace and fasten the hood on Plaintiffs' vehicle. As a result of the unlatched/unfastened hood and/or other fastening failures, Plaintiffs' hood flew open while they were driving down the expressway. Defendants' failure to conform to the specifications required was unreasonable and not of an acceptable standard. Plaintiffs suffered and continue to suffer injuries from this breach.

6.8    Plaintiffs have timely notified Defendants of such complaint pursuant to Section

-5-

Electronically Filed
11/2/2021 5:07 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-4436-21-F

17.505(a) of the Texas Business and Commerce Code by letter dated November 27, 2019, and would show compliance with all conditions precedent to the filing of this lawsuit and recovery of additional damages and attorney's fees.

6.9     Defendants engaged in an "unconscionable action or course of action" to the detriment of Plaintiffs as that term is defined by §17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiffs to a grossly unfair degree.

6.10    The limited remedies available to Plaintiffs failed their essential purpose and deprived Plaintiffs of the substantial value of the bargain because Defendants did not correct the defects within a reasonable time.   Texas Business and Commerce Code § 2.719.   Additionally, the exclusion of consequential damages is unconscionable.

6.11    Plaintiffs further contend that Defendants' violations of the DTPA were committed knowingly and intentionally as those terms are defined in § 17.45(9) and § 17.45(13) of the DTPA.

6.12    Plaintiff would show that the acts, practices and/or omissions complained of were the producing and/or proximate cause of Plaintiff's damages more fully described herein below.

6.13    Plaintiffs would further show they relied upon to their detriment the acts, practices, and/or admissions complained of under § 17.46(b) of the Texas Business and Commerce Code.

### VII. COMMON LAW FRAUD

7.1     Plaintiffs further show that Defendants made material false representations to Plaintiffs with the knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiffs, and that Plaintiffs relied on these representations to their detriment.

7.2     Plaintiffs would further show that Defendants concealed or failed to disclose material

-6-

Electronically Filed
11/2/2021 5:07 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-4436-21-F**

facts within their knowledge, that Defendants knew that Plaintiffs did not have knowledge of the same and did not have equal opportunity to discover the truth, and that Defendants intended to induce Plaintiffs to enter into the transaction made the basis of this suit by such concealment or failure to disclose.

7.3    As a proximate result of such fraud, Plaintiffs sustained the damages described more fully hereinbelow.

## VIII. AGENCY – DOCTRINE OF RESPONDEAT SUPERIOR

8.1    Pleading further in the alternative, Plaintiffs allege that the acts of the mechanics, technicians, companies and other contractors, employees, borrowed employees, agents, servants and other persons asked to perform any task on behalf of Defendants, including mechanics, technicians, companies and other contractors, employees, borrowed employees, agents, servants, and all other person so employed, are the acts of authorized or apparently authorized agents of the company for which the equitable principle of *respondeat superior* applies.

8.2    At all times relevant to this matter, Defendants' employees who serviced Plaintiffs' vehicle were in the course and scope of their employment with Defendants. As such, Defendants are responsible for the acts of their employees under the legal theory of *respondeat superior.*

## IX. NEGLIGENCE

9.1    In the course of the transactions between Plaintiffs and Defendants, Defendants owed Plaintiffs a duty to handle the services to Plaintiffs' vehicle in a reasonable and prudent manner.

9.2    Plaintiffs would show that Defendants failed to exercise ordinary care in performing such duty. The acts and/or omissions of Defendants described herein by which Defendants breached such a   duty constitute a proximate cause of the damages of Plaintiffs described more fully

Electronically Filed
11/2/2021 5:07 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-4436-21-F**

hereinbelow, for which Defendants are liable to Plaintiff.

9.3     Plaintiffs would show that Defendants violated §651.351(d), 651.456(3), and 651.459(a)(3) of the Texas Occ. Code which constitutes negligence per se.

## X. <u>NEGLIGENCE and NEGLIGENCE PER SE OF DEFENDANT</u>

10.1     The conduct of Defendants constituted negligence and negligence per se as those terms are understood in law and such conduct was a proximate cause of the occurrence made the basis of this suit.

10.2     Defendants were negligent in one or more but not limited to the following non-exclusive particulars:

     a.     Failing to properly train their employee;

     b.     Negligently entrusting their equipment to an incompetent employee;

     c.     Permitting their employee to operate their equipment in an unsafe manner and condition;

     d.     Allowing Plaintiffs to leave their premises while operating a defective vehicle caused by their negligence;

     e.     Failing to supervise their employee;

     f.     Failing to monitor the condition of the equipment their employees use on a daily basis;

     g.     Failing to ensure the vehicles their employees service on a daily basis are properly secured;

     h.     Failing to provide adequate safety procedures for their employees to properly secure the vehicles they each service on a daily basis;

     i.     Failing to provide policies to remedy the dangerous condition and/or hazard

Electronically Filed
11/2/2021 5:07 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-4436-21-F**

that it knew of, or in the exercise of ordinary care, should have known was

present concerning the vehicle serviced by their employee;

j.      Creating a hazard and endangering the lives of others; and

k.      In more particularity to be shown at trial.

10.3    Plaintiffs would show that such negligence proximately caused damages to Decedent more fully described below.

## XI. NEGLIGENT MISREPRESENTATION

11.1    Pleading additionally or in the alternative, Plaintiffs assert a claim for negligent misrepresentation. Plaintiffs incorporate the preceding paragraphs as if they were fully stated herein.

11.2    Defendants made false representations in the course of the Defendants' business dealings with Plaintiffs. These statements were made in a transaction in which Defendants had a pecuniary interest.

11.3    Defendants made these false statements to Plaintiffs for the guidance of Plaintiffs in engaging in a transaction with Defendants and to induce Plaintiffs to transact business with Defendants.

11.4    Defendants did not exercise reasonable care or competence in obtaining or communicating the information to Plaintiffs.

11.5    Plaintiffs suffered pecuniary loss due to Defendants' false statements, which was proximately caused by Plaintiffs' justifiable reliance on such information.

## XII. NEGLIGENT HIRING, SUPERVISION, OR MANAGEMENT

12.1    Plaintiffs would show that Defendants owed a duty to clients and customers, including Plaintiffs, to exercise ordinary care in the hiring of competent employees, and in the supervision and management of Defendants' said employees.

Electronically Filed
11/2/2021 5:07 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-4436-21-F

12.2    Plaintiffs would further show that Defendants failed to use ordinary care in these respects, including but not limited to:

      A.   Failing to properly investigate potential job applicants;

      B.   Failing to properly supervise said Defendants' personnel;

      C.   Failing to implement adequate safeguards to prevent the situation that resulted in Plaintiffs' damages; and

      D.   Failing to provide adequate oversight for such employees.

12.3    These conditions created an environment in which misrepresentations to clients and customers were likely and reasonably foreseeable to occur, and which in fact did occur in the course of the transactions involving Plaintiffs described hereinabove,

12.4 This conduct proximately caused the damages sustained by Plaintiffs herein, and for which Plaintiffs hereby sue.

## XIII. **BREACH OF CONTRACT**

13.1    Pleading additionally or in the alternative, Plaintiffs assert a claim for breach of contract. Plaintiffs incorporate the preceding paragraphs as if they were fully stated herein.

13.2    Defendants promised to repair and service Plaintiffs' vehicle. Defendants have either failed to perform or has improperly performed the contract.

13.3    Plaintiffs have covered their damages to the extent possible considering the circumstances.

13.4    Defendants breached their promise by not providing the goods or services that were agreed upon.

13.5    As a result of Defendants' breach, Plaintiffs were injured and suffered economic damages due to Defendants' conduct. Consequently, Defendants are liable for Plaintiffs' damages in

Electronically Filed
11/2/2021 5:07 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-4436-21-F

addition to pre-judgment and post-judgment interest at the rates allowed by law.

## XIV. DAMAGES—PLAINTIFF ELI LONGORIA

14.1    As a result of the incident made the basis of this lawsuit, described in the preceding paragraphs and the negligence of Defendants, Plaintiff sustained injuries and damages.

14.2    Due to the gravity of the injuries stated above, Plaintiff has had to seek reasonable and necessary medical care and attention, and this has caused him to incur reasonable and necessary medical expenses for the treatment of his injuries.

14.3    In all likelihood, based upon a reasonable medical probability, Plaintiff will require reasonable and necessary medical treatment and incur reasonable and necessary medical expenses into the future.

14.4    Further, Plaintiff would show that he has suffered physical pain as a result of this incident.  Such physical pain, in all reasonable medical probability, will continue into the future, if not permanently.

14.5    Further, Plaintiff would show that he has suffered mental anguish as a result of this incident.  Such mental anguish, in all probability will continue into the future, if not permanently.

14.6    Further, Plaintiff would show that he has suffered physical impairment as a result of this incident.  Such physical impairment in all reasonable medical probability will continue into the future, if not permanently.

14.7    Further, Plaintiff would show that he has suffered physical disfigurement as a result of this incident.  Such physical disfigurement, in all reasonable medical probability, will continue into the future, if not permanently.

14.8    Further, Plaintiff has suffered lost wages and a loss of earning capacity in the past.

14.9    Further, Plaintiff will, in all reasonable probability, continue to sustain loss of wages

Electronically Filed
11/2/2021 5:07 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-4436-21-F

and loss of earning capacity in the future.

14.10    Plaintiff seeks both prejudgment and post-judgment interest as allowed by law, for all costs of court, actual damages, compensatory damages and all other relief, both in law and in equity, to which Plaintiffs may be entitled.

## XV. DAMAGES—PLAINTIFF SAN JUANITA LONGORIA

15.1    As a result of the incident made the basis of this lawsuit, described in the preceding paragraphs and the negligence of Defendants, Plaintiff sustained injuries and damages.

15.2    Due to the gravity of the injuries stated above, Plaintiff has had to seek reasonable and necessary medical care and attention, and this has caused her to incur reasonable and necessary medical expenses for the treatment of her injuries.

15.3    In all likelihood, based upon a reasonable medical probability, Plaintiff will require reasonable and necessary medical treatment and incur reasonable and necessary medical expenses into the future.

15.4    Further, Plaintiff would show that she has suffered physical pain as a result of this incident. Such physical pain, in all reasonable medical probability, will continue into the future, if not permanently.

15.5    Further, Plaintiff would show that she has suffered mental anguish as a result of this incident. Such mental anguish, in all probability will continue into the future, if not permanently.

15.6    Further, Plaintiff would show that she has suffered physical impairment as a result of this incident. Such physical impairment in all reasonable medical probability will continue into the future, if not permanently.

15.7    Further, Plaintiff would show that she has suffered physical disfigurement as a result of this incident. Such physical disfigurement, in all reasonable medical probability, will continue

Electronically Filed
11/2/2021 5:07 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-4436-21-F

into the future, if not permanently.

15.8    Further, Plaintiff has suffered lost wages and a loss of earning capacity in the past.

15.9    Further, Plaintiff will, in all reasonable probability, continue to sustain loss of wages and loss of earning capacity in the future.

15.10   Plaintiff seeks both prejudgment and post-judgment interest as allowed by law, for all costs of court, actual damages, compensatory damages and all other relief, both in law and in equity, to which Plaintiffs may be entitled.

## XVI. ECONOMIC AND ACTUAL DAMAGES

16.1    Plaintiffs sustained the following economic and actual damages as a result of the actions and/or omissions of Defendants described hereinabove:

A.  Out of pocket expenses, including but not limited to the price of repair and service contract;

B.  Interest;

C.  Loss of the "benefit of the bargain";

D.  Diminished or reduced market value;

E.  Remedial cost and/or cost of completion;

F.  Reasonable and necessary repair or consulting fees;

G.  Reasonable expenses;

H.  Lost earnings;

I.   Lost earning capacity;

J.  Expenses for psychiatric care and monitoring;

K.  Expenses for psychological care and counseling;

L.  Reasonable medical care and expenses in the past;

Electronically Filed
11/2/2021 5:07 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-4436-21-F**

M. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future; and

N. Cost of medical monitoring and prevention in the future.

## XVII. <u>DAMAGES FOR MENTAL ANGUISH</u>

17.1     Plaintiffs would further show that the false, misleading, and deceptive acts, practices, and/or omissions described herein were committed "knowingly," as provided by § 17.45(9) of the Texas Business and Commerce Code, in that Defendants had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

17.2     As a result of such acts, practices, and/or omissions, Plaintiffs sustained a high degree of mental pain and distress of such nature, duration and severity that would permit the recovery of damages for mental anguish pursuant to § 17.50(b) of the Texas Business and Commerce Code, and for which Plaintiff hereby sues in an amount in excess of the minimum jurisdictional limits of this Court.

## XVIII. <u>ADDITIONAL DAMAGES</u>

18.1     As alleged hereinabove, Plaintiffs would show that the false, misleading, and deceptive acts, practices, and/or omissions complained of herein were committed "knowingly" in that Defendants had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

18.2     Plaintiffs further avers that such acts, practices, and/or omissions were committed "intentionally" in that Defendant specifically intended that Plaintiffs act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

18.3     Therefore, Plaintiffs are entitled to recover additional damages for a knowing and/or intentional violation of the DTPA pursuant to § 17.50(b)(1) of the Texas Business and Commerce

Electronically Filed
11/2/2021 5:07 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-4436-21-F**

Code.

## XIX. <u>EXEMPLARY DAMAGES</u>

19.1    Plaintiffs would further show that the acts and omissions of Defendant complained of herein were wanton, knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendants at the expense of Plaintiffs. In order to punish said Defendants for such unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiffs also seek recovery from Defendants for exemplary damages as provided by § 41.003(1) of the Texas Civil Practice and Remedies Code and by § 27.01 of the Texas Business and Commerce Code.

## XX. <u>TOTAL DAMAGES</u>

20.1    As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs seek monetary relief of $1,000,000.00 or less at this time and a demand for judgment for all other relief to which the Plaintiff is entitled; however, Plaintiffs reserve the right to file an amended pleading on this issue.

## XXI. <u>PRE-JUDGMENT AND POST-JUDGMENT INTEREST</u>

21.1    In addition to the above mentioned and foregoing allegations, Plaintiffs further plead that they are entitled to pre-judgment and post-judgment interest at the highest rate allowed by law.

## XXII. <u>ATTORNEY'S FEES</u>

22.1    Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiffs herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) § 17.50(d) of the Texas Business and Commerce Code; (c) § 27.01(e) of the Texas Business and Commerce Code; (d) Chapter 38 of the Texas Civil Practice and Remedies Code; (e) §

Electronically Filed
11/2/2021 5:07 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-4436-21-F

37.009 of the Texas Civil Practice and Remedies Code; and, (f) common law.

## XXIII. COURT COSTS

23.1    Plaintiffs further seek recovery of the costs of court incurred in the filing and pendency of this action.

## XXIV. DECLARATORY JUDGMENT

24.1    Plaintiffs request that declaratory judgment be entered under Chapter 37 of the Texas Civil Practice and Remedies Code as follows:

> A. That the agreement between Plaintiffs and Defendant and any instruments evidencing such agreement are null and void.

## XXV. PRESERVING EVIDENCE

25.1    Plaintiffs hereby request and demand that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting there from, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voice mail, text messages, any evidence involving the incident in question, and any electronic image or information related to the referenced incident or damages.  Failure to maintain such items will constitute "spoliation" of the evidence.

## XXVI. ALTERNATIVE PARAGRAPH NO. 1

26.1    In the alternative, Plaintiffs would show that if any injury and/or condition from which they currently suffer were pre-existing, then such condition was aggravated and/or exacerbated by the negligence of Defendants herein.

## XXVII. ALTERNATIVE PARAGRAPH NO. 2

Electronically Filed
11/2/2021 5:07 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-4436-21-F**

27.1    In the alternative, Plaintiffs would show that if they suffer from any subsequent injury and/or condition, then such injury and/or condition was aggravated and/or exacerbated by the negligence of Defendants herein.

### XXVIII. <u>RULE 193.7 NOTICE</u>

28.1    Defendants are hereby notified that Plaintiffs intend to use all documents produced by Defendant in discovery of the trial of this cause, and therefore request that Defendants assert any objection to the authenticity of any document Defendants produce within 10 days of its production.

### <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiffs **Eli Longoria** and **San Juanita Longoria** request that Defendants be cited to appear and answer herein, that upon final trial and other hearing of this cause, Plaintiffs recover damages from Defendants, jointly and severally, in accordance with the evidence, and as the jury deem them deserving, that Plaintiffs recover costs of court herein expended, that Plaintiffs recover interest to which they are justly entitled under the law, both pre-judgment and post-judgment interest from the date of the entry until paid, and for such other further relief, both general and special, both in law and in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**HINOJOSA LAW, PLLC**

By:

Richard A. Hinojosa
State Bar No. 24068885
3904 Brandt Street
Houston, TX 77006
(713) 884-1663 Telephone
(713) 422-2493 Facsimile
**richardhinojosa@hinojosalaw.com**
**e-service@hinojosalaw.com**

Electronically Filed
11/2/2021 5:07 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-4436-21-F**

**ATTORNEY FOR PLAINTIFFS**